## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONIA SCOTT,** | : | **CIVIL ACTION NO. 1:24-CV-41** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA**, *et al.*, | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. Petitioner, Tonia Scott, seeks to challenge a 2023 criminal conviction and sentence imposed by the Pike County Court of Common Pleas. We will dismiss the petition without prejudice for failure to exhaust state court remedies.

### I.     Factual Background & Procedural History

Scott was convicted of numerous charges in 2023 and sentenced to an aggregate sentence of 44-94 years' imprisonment. See Commonwealth v. Scott, No.

No. CP-52-CR-0000687-2019 (Pike Cnty. Ct. Common Pleas filed Dec. 13, 2019).[1]

Scott appealed to the Pennsylvania Supreme Court on July 26, 2023.

Commonwealth v. Scott, No. 80 MAP 2023 (Pa. filed July 26, 2023). The Supreme

Court transferred the appeal to the Pennsylvania Superior Court on October 3,

2023. Commonwealth v. Scott, No. 2462 EDA 2023 (Pa. Super. Ct. filed Oct. 3, 2023).

On January 2, 2024, Scott announced that she would not be filing a brief in support

of her appeal before the superior court. See id. The superior court dismissed

Scott's appeal for failure to file a brief on February 21, 2024. Id.

Scott filed the instant case on December 15, 2023, in the United States

District Court for the Southern District of New York. (Doc. 1). She contends, *inter*

*alia*, that Pennsylvania courts do not have jurisdiction to convict and sentence her

because she is a member of the Saw Creek and Pine Ridge Indian Communities and

---

[1] The full list of charges for which Scott was convicted includes terrorism with intent to intimidate or coerce a civilian population, conspiracy to commit terrorism to intimidate or coerce a civilian population, kidnapping to facilitate a felony, kidnapping to inflict injury or terror, conspiracy to commit kidnapping to facilitate a felony, false imprisonment, unlawful restraint causing serious bodily injury, robbery causing a threat of immediate serious injury, committing or threatening to commit a felony in commission of a robbery, inflicting or threatening to commit immediate bodily injury in the commission of a robbery, taking property by force in the commission of a robbery, robbery of a motor vehicle, conspiracy to threaten immediate serious injury during the course of a robbery, theft by unlawful taking of movable property, attempted theft by unlawful taking of movable property, conspiracy to commit theft by unlawful taking of movable property, burglary, conspiracy to commit burglary, criminal trespass, criminal mischief, terroristic threats causing serious public inconvenience, terroristic threats with intent to terrorize another, aggravated assault, simple assault, recklessly endangering another person, possession of an incapacitation device, kidnapping for ransom, terroristic threats causing evacuation of a building, unlawful body armor, possession of a weapon. See Scott, No. CP-52-CR-0000687-2019.

the conduct for which she was convicted occurred on tribal land.  (Id. at 5).  The Southern District of New York transferred the case to this district on January 10, 2024.  (Doc. 4).

On January 17, 2024, the court issued an order requiring Scott to show cause as to why the case should not be dismissed for failure to exhaust state court remedies.  (Doc. 6).  Scott filed two timely responses to the order.[2]  (Docs. 7-8).  Scott argues that exhaustion of state court remedies should be excused because her claims of tribal sovereignty are based only on federal law and not state law.  (Doc. 8 at 2-4).  Scott alternatively argues that she should be deemed to have exhausted state court remedies based on her appeal to the Pennsylvania Supreme Court that was subsequently transferred to the superior court and dismissed by that court.  (Id. at 6-7).  Scott argues that because "both state courts were sufficiently alerted" to the substance of her federal claims and "accepted and ruled on" the claims they should be "considered fairly presented and sufficient for federal exhaustion purposes."  (Id. at 7).

## II.    **Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain

---

[2] Scott's first response was not signed by Scott but rather by Mark Marvin, an individual who purports to be acting as "Next Friend, Someone Petitioner, Geneva Convention" for Scott.  (Doc. 7 at 8).  We have considered the arguments asserted by Marvin in order to give a liberal construction to Scott's filings.  Because the arguments are duplicative of the arguments asserted in Scott's second response to the court's order, we will not address them further.

from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.

## III.   **Discussion**

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust her remedies in state court.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 842.  To be deemed exhausted, a federal habeas corpus claim must be "fairly presented" in state court, meaning that the petitioner must present the claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005) (internal citations and quotation marks omitted).  The petitioner must present the claims in state court in accordance with state procedural rules. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).  When federal claims have not been fairly presented in state court but may still be asserted in state court, dismissal of the claims without prejudice for failure to exhaust state court remedies is appropriate.  Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).

We will dismiss this case without prejudice for failure to exhaust state court remedies.  Scott has not fairly presented her claims in state court because she has not properly asserted them in accordance with Pennsylvania procedural rules.  Her direct appeal to the Pennsylvania Supreme Court was transferred to the Pennsylvania Superior Court because Pennsylvania procedural rules required her

to file a direct appeal from her conviction and sentence to the superior court rather than appealing directly to the supreme court, and she subsequently failed to file a brief in support of her appeal before the superior court.

Scott's argument that exhaustion should be excused because her claims present only issues of federal law is meritless.  Scott may not bypass state court merely because she is asserting a federal claim.  "State courts, like federal courts, are obliged to enforce federal law.  Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."  O'Sullivan, 526 U.S. at 844; see also Solem v. Bartlett, 465 U.S. 463, 465 (1984) (noting that petitioner asserting that state court conviction and sentence violated tribal sovereignty because petitioner was a member of a tribe and crime occurred on tribal land exhausted state court remedies prior to filing a federal habeas corpus petition).

Dismissal of this case will be without prejudice because Scott may still present her claims in state court in accordance with Pennsylvania procedural rules. Under Pennsylvania Rule of Appellate Procedure 1113 a party may file a petition for allowance of appeal to the Pennsylvania Supreme Court within thirty days after entry of a Pennsylvania Superior Court order.  PA. R. APP. P. 1113(a).  The superior court dismissed Scott's appeal on February 21, 2024.  See Scott, No. 2462 EDA 2023. Scott accordingly has until March 22, 2024 to file a petition for allowance of appeal to the Pennsylvania Supreme Court.

Scott may also seek state collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), which allows petitioners to seek state collateral relief "within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1)(ii). Given that Scott's conviction will not become final until at least March 22, 2024, this limitations period has not yet begun to run. Hence, because Scott may still seek further state court review in accordance with Pennsylvania procedural rules, we will dismiss her petition without prejudice for failure to exhaust state court remedies. See Lines, 208 F.3d at 159-60.

## IV.   Conclusion

We will dismiss Scott's petition without prejudice for failure to exhaust state court remedies. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    February 29, 2024